# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| CM HK LIMITED, § § § Plaintiff, § § v. § Case No. 2:24-cv-00880-JRG § SAMSUNG ELECTRONICS CO., LTD.; § JURY TRIAL DEMANDED SAMSUNG ELECTRONICS AMERICA, § INC., § § Defendants. § § | |

**DEFENDANTS SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.'S MOTION TO DISMISS, TRANSFER, OR STAY <u>PURSUANT TO THE FIRST-TO-FILE RULE</u>**

## TABLE OF CONTENTS

Page

I. INTRODUCTION ............................................................................................................. 1

II. BACKGROUND ............................................................................................................... 1

    A. CyWee's Infringement Suit Was Dismissed........................................................... 2

    B. Samsung Filed a Declaratory Judgement Action Against CyWee and CM HK in NDCA After Dismissal of CyWee's 2017 Action and Before CM HK's Present EDTX Action................................................................................... 3

    C. CM HK Filed Suit Against Samsung in EDTX...................................................... 3

III. ARGUMENT..................................................................................................................... 4

    A. Legal Standard ........................................................................................................ 4

    B. The NDCA Suit Is the First Suit Under the First-to-File Rule ............................... 6

    C. Samsung's First-Filed Action Is "Substantially Similar" to CM HK's Second-Filed Action, Necessitating Transfer to, or a Stay in Deference to, the First-Filed Court............................................................................................... 6

IV. CONCLUSION.................................................................................................................. 9

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Cadle Co. v. Whataburger of Alice, Inc.*,
   174 F.3d 599 (5th Cir. 1999) ..................................................................................4, 5, 7, 9

*ContentGuard Holdings, Inc. v. Google, Inc.*,
   Nos. 2:14-cv-00061-JRG, 2:13-cv-01112-JRG, 2014 WL 1477670 (E.D. Tex.
   Apr. 15, 2014) ............................................................................................................................7

*Drill Cutting Disposal Co. v. Gutierrez*,
   No. 15-cv-2532, 2016 WL 4541598 (W.D. La. Aug. 26, 2016)................................................7

*E-Z-EM, Inc. v. Mallinckrodt, Inc.*,
   No. 2:09-cv-00124, 2010 WL 1378820 (E.D. Tex. Feb. 26, 2010)...........................................6

*Elecs. For Imaging, Inc. v. Coyle*,
   394 F.3d 1341 (Fed. Cir. 2005)..................................................................................................4

*Futurewei Techs., Inc. v. Acacia Rsch. Corp.*,
   737 F.3d 704 (Fed. Cir. 2013)....................................................................................................5

*Genentech, Inc. v. Eli Lilly & Co.*,
   998 F.2d 931 (Fed. Cir. 2008), abrogated on other grounds by *Wilton v. Seven
   Falls Co.*, 515 U.S. 277 (1995)...............................................................................................4, 6

*Mann Mfg., Inc. v. Hortex, Inc.*,
   439 F.2d 403 (5th Cir. 1971) .....................................................................................................5

*Merial Ltd. v. Cipla Ltd.*,
   681 F.3d 1283 (Fed. Cir. 2012)..................................................................................................5

*Platt v. Nash*,
   No. 4:16-cv-00294, 2016 WL 6037856 (E.D. Tex. Oct. 14, 2016)...........................................6

*Ramot at Tel Aviv Univ. Ltd. v. Cisco Sys., Inc.*,
   No. 2:22-cv-00168-JRG, 2022 WL 17417972 (E.D. Tex. Dec. 5, 2022).........................5, 6, 7

*RPost Holdings, Inc. v. Sophos, Inc.*,
   No. 2:13-cv-959, 2014 WL 10209205 (E.D. Tex. Aug. 20, 2014).......................................5, 7

*RPost Holdings, Inc. v. Yesware, Inc.*,
   No. 2:13-cv-0953-JRG, 2014 WL 12712410 (E.D. Tex. Sept. 4, 2014) ............................5, 6, 9

*Sanofi-Aventis Deutschland GmbH v. Novo Nordisk, Inc.*,
   614 F. Supp. 2d 772 (E.D. Tex. 2009)...................................................................................6, 9

## TABLE OF AUTHORITIES
(continued)

**Page(s)**

*SIPCO, LLC v. Emerson Elec. Co.*,
   No. 6:15-cv-0907, 2016 WL 7743496 (E.D. Tex. July 1, 2016)................................................6

*Tex. Instruments, Inc. v. Micron Semiconductor, Inc.*,
   815 F. Supp. 994 (E.D. Tex. 1993)...........................................................................................5

*Virtual Fleet Mgmt., LLC v. Position Logic, LLC*,
   No. 2:17-cv-00014-JRG, 2017 WL 10276708 (E.D. Tex. May 17, 2017)................................4

## I.     INTRODUCTION

Under this Court's precedent, this case presents a straightforward application of the "first-filed rule." Plaintiffs Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. ("Samsung") filed the first case on U.S. Patent Nos. 10,852,846 ("the '846 Patent"), and 11,698,687 ("the '687 Patent") as a declaratory judgment complaint against Defendant CM HK Ltd. ("CM HK") in the Northern District of California ("NDCA") ("the First-Filed Action"). Six weeks later, CM HK filed the instant case ("the Second-Filed Action"). Because CM HK filed the Second-Filed Action long after Samsung filed the First-Filed Action on the same two patents and the same accused products, the Court should defer to the jurisdiction of the court of the First-Filed Action. Therefore, Samsung respectfully requests the Court transfer this Second-Filed Action by Plaintiff CM HK to the Northern District of California for consolidation with Samsung's First-Filed Action. In the alternative, Samsung asks the Court to dismiss the Second-Filed Action because the NDCA will consider and dispose of the overlapping issues between the two cases. As a final alternative, Samsung requests the Court stay this Second-Filed Action pending the decision by the NDCA court on CM HK's expected motion to dismiss or transfer the First-Filed Action to this Court.

## II.     BACKGROUND

On December 1, 2020, the USPTO issued the '846 Patent, titled "Electronic Device for Use in Motion Detection and Method for Obtaining Resultant Deviation Therefrom." On July 11, 2023, the USPTO issued the '687 Patent, having the same title, as a continuation of the '846 Patent. Both patents, which are at issue here and in the first-filed NDCA case, are directed to methods and systems for determining the movements and rotations of a device. The '846 and '687 Patents are continuation-in-part applications to U.S. Patent No. 8,441,438 ("the '438 Patent"), which issued on May 14, 2013, and U.S. Patent No. 8,552,978 ("the '978 Patent"),

which issued on October 8, 2013. The plaintiff in the present suit, CM HK, is an *alter ego*, agent, or successor of a company called CyWee Group Ltd. ("CyWee"). CyWee asserted the '438 Patent and '978 patent against Samsung in a suit brought in 2017 that was dismissed with prejudice before CM HK filed the present suit.

    A.    **CyWee's Infringement Suit Was Dismissed**

On February 17, 2017, CyWee filed a complaint against Samsung in this District, claiming that Samsung infringed the '438 Patent and the '978 Patent. *CyWee Group Ltd. v. Samsung Elecs. Co.*, No. 2:17-cv-00140-WCB-RSP, Dkt. 1 (E.D. Tex. Feb. 17, 2017) ("the 2017 CyWee Action"). In the 2017 CyWee Action, which was pending before Judge Bryson, CyWee accused Samsung Galaxy series phones and Samsung Note and Tab tablet devices of infringement. *Id.*, Dkt. 9, ¶¶ 22, 203. The Court stayed that suit on February 14, 2019, pending *inter partes* review by the PTAB of the '438 and '978 Patents. *Id.*, Dkt. 331. The PTAB thereafter found the '438 and '978 Patents invalid. The Federal Circuit affirmed the PTAB's invalidity finding and the final deadline to petition for a writ of *certiorari* passed on June 24, 2024. *Id.*, Dkt. 344 at 1.

Soon after the Federal Circuit's final affirmance of the IPR decisions, CyWee contacted Samsung to ask if Samsung would agree to a non-suit with prejudice of all claims and counterclaims with each side bearing their costs and fees, stating that CyWee had been "decimated" by the lawsuit. No. 2:17-cv-00140-WCB-RSP, Dkt. 350 at 2, Ex. 1. Given the extensive effort Samsung had put into litigating in the district court, it was not willing to drop its right to recover costs. The parties attempted to negotiate a resolution over the ensuing months to no avail. Therefore, on July 31, 2024, Samsung moved to dismiss CyWee's claims with prejudice and Samsung's counterclaims without prejudice. *Id.*, Dkt. 344. Almost two weeks later, CyWee stated that it would not oppose that relief. *Id.*, Dkt. 345. On August 14, 2024, the Court

granted Samsung's motion to dismiss CyWee's claims in the 2017 CyWee Action with prejudice. *Id.*, Dkt. 346.

Unable to reach resolution on the bill of costs with CyWee, Samsung filed a motion for costs on September 11, 2024. No. 2:17-cv-00140-WCB-RSP, Dkt. 350.

### B.  Samsung Filed a Declaratory Judgement Action Against CyWee and CM HK in NDCA After Dismissal of CyWee's 2017 Action and Before CM HK's Present EDTX Action

On September 18, 2024, over one month after the 2017 CyWee Action was dismissed, Samsung filed a complaint against CM HK and CyWee in the Northern District of California. *Samsung Elecs. Co. v. CM HK Ltd.*, No. 4:24-cv-6567, Dkt. 1 (N.D. Cal. Sept. 18, 2024). In that suit, Samsung seeks a declaratory judgment of non-infringement of the '846 and '687 Patents against CM HK and CyWee.[1] *Id.* at 1. CM HK and CyWee responded to that complaint on January 28, 2025. Both parties moved to dismiss for lack of subject matter and personal jurisdiction. In addition, CM HK moved to dismiss the NDCA action as an anticipatory lawsuit under the first-filed rule and for failure to state a claim.

### C.  CM HK Filed Suit Against Samsung in EDTX

On October 31, 2024, more than six weeks after Samsung filed its NDCA declaratory judgment First-Filed Action, CM HK filed the instant suit against Samsung in this District. Dkt. 2 ("Compl."). CM HK alleges that Samsung directly, indirectly, and willfully infringed, and continues to infringe, the '846 and '687 Patents. *Id.* ¶¶ 91, 92, 98, 99, 115. CM HK accuses the S21 through S24 Galaxy Series and Z3 through Z6 Z Series Samsung phones ("Galaxy Phones") of infringing the asserted patents. *Id.*; *see also id.* ¶¶ 44, 55. On January 28, 2025, CM HK filed an amended complaint. Dkt. 17.

---

[1] In the First-Filed Action, Samsung also seeks declaratory judgment of non-infringement of two additional patents that are not at issue in the present EDTX suit. *Id.* at 1.

### III. ARGUMENT

Defendants respectfully request the Court transfer or dismiss CM HK's Second-Filed Action in favor of Samsung's First-Filed Action for declaratory judgment of non-infringement in NDCA for the purpose of promoting judicial economy and avoiding duplicative litigation as well as inconsistent rulings. Under the first-to-file rule, this Court should refuse to hear this case because it is the second-filed case, and the issues raised by the cases substantially overlap and can be addressed in the First-Filed-Action.

In the alternative, Defendants respectfully request the Court stay this Second-Filed Action while the first-filed NDCA court decides CM HK and CyWee's co-pending motions to dismiss the First-Filed Action. Issuing a stay in deference to the NDCA court's disposition of those motions would preserve judicial resources and avoid the possibility of parallel conflicting orders, such as dueling and inconsistent claim constructions.

#### A. Legal Standard

"When the declaratory action can resolve the various legal relations in dispute and afford relief from the controversy that gave rise to the proceeding, and absent sound reason for a change of forum, a first-filed declaratory action is entitled to precedence as against a later-filed patent infringement action." *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 938 (Fed. Cir. 2008), abrogated on other grounds by *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995) (application of the first-to-file rule is governed by Federal Circuit law in patent cases); *see also Elecs. For Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1347 (Fed. Cir. 2005); *Virtual Fleet Mgmt., LLC v. Position Logic, LLC*, No. 2:17-cv-00014-JRG, 2017 WL 10276708, at *1 (E.D. Tex. May 17, 2017). Under the first-to-file rule, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap. *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999).

4

"When confronted with substantially similar declaratory judgment and patent infringement actions filed in different jurisdictions, courts generally favor the forum of the first-filed action, whether or not it is a declaratory action." *Ramot at Tel Aviv Univ. Ltd. v. Cisco Sys., Inc.*, No. 2:22-cv-00168-JRG, 2022 WL 17417972, at *1 (E.D. Tex. Dec. 5, 2022) (citing *RPost Holdings, Inc. v. Sophos, Inc.*, No. 2:13-cv-959, 2014 WL 10209205, at *1 (E.D. Tex. Aug. 20, 2014). "In determining whether to apply the first-to-file rule to an action, a court must resolve two questions: (1) are the two pending actions so duplicative or involve substantially similar issues that one court should decide the subject matter of both actions; and (2) which of the two courts should take the case?" *Id.* at *2 (citing *Tex. Instruments, Inc. v. Micron Semiconductor, Inc.*, 815 F. Supp. 994, 997 (E.D. Tex. 1993)). "[O]nce the 'substantial similarity' threshold is crossed, the first-to file rule accords the ***first-filed*** court the responsibility to determine which case should proceed." *RPost Holdings, Inc. v. Yesware, Inc.*, No. 2:13-cv-0953-JRG, 2014 WL 12712410, at *1 (E.D. Tex. Sept. 4, 2014) (citation omitted); *see also Cadle*, 174 F.3d at 605–06 (quoting *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 407 (5th Cir. 1971)).

The Federal Circuit has held that "[w]hen two actions that sufficiently overlap are filed in different federal district courts, one for infringement and the other for declaratory relief, the declaratory judgment action, if filed later, generally is to be stayed, dismissed, or transferred to the forum of the infringement action." *Futurewei Techs., Inc. v. Acacia Rsch. Corp.*, 737 F.3d 704, 708 (Fed. Cir. 2013) (citing *Merial Ltd. v. Cipla Ltd.,* 681 F.3d 1283, 1299 (Fed. Cir. 2012)); *Cadle*, 174 F.3d at 605–06 (finding that "the 'first to file rule' not only determines which court may decide the merits of substantially similar issues, but also establishes which court may decide whether the second suit filed must be dismissed, stayed or transferred and consolidated" and holding that the second-filed court correctly refused to resolve the question of whether the

5

first-filed court or the second-filed court should retain the case (citation omitted)); *Ramot*, No. 22-cv-00168, Dkt. 52 at 5; *Sanofi-Aventis Deutschland GmbH v. Novo Nordisk*, 614 F. Supp. 2d 772, 782 (E.D. Tex. 2009) (staying second-filed action while first-filed court resolved jurisdictional and licensing issues).

      **B.**      **The NDCA Suit Is the First Suit Under the First-to-File Rule**

CM HK cannot reasonably dispute that this case is the second-filed case. Samsung filed the First-Filed Action, a Complaint for Declaratory Judgment against CM HK and CyWee, in the NDCA on September 18, 2024. No. 4:24-cv-6567, Dkt. 1. CM HK filed the present Second-Filed Action more than six weeks later, on October 31, 2024. Compl. Under the Federal Circuit's and this District's case law, the first-to-file rule means just that—Samsung filed the NDCA declaratory judgment case first. *Yesware*, 2014 WL 12712410, at *2; *see also Genentech*, 998 F.2d at 938 (the "first to file" rule "favors the forum of the first-filed action, whether or not it is a declaratory judgment action"). As such, the first-to-file rule applies in favor of Samsung.

      **C.**      **Samsung's First-Filed Action Is "Substantially Similar" to CM HK's Second-Filed Action, Necessitating Transfer to, or a Stay in Deference to, the First-Filed Court**

"As the second-filed court, the Court's limited role is to determine whether there is substantial overlap between the two suits." *Platt v. Nash*, No. 4:16-cv-00294, 2016 WL 6037856, at *2 (E.D. Tex. Oct. 14, 2016). Courts determining substantial similarity have examined "whether they involved the same parties, the same technology, the same inventors, overlapping remedies, the same witnesses, or overlapping issues in claim construction." *Ramot*, 2022 WL 17417972, at *2 (citing *SIPCO, LLC v. Emerson Elec. Co.*, No. 6:15-cv-0907, 2016 WL 7743496, at *2 (E.D. Tex. July 1, 2016); *E-Z-EM, Inc. v. Mallinckrodt, Inc.*, No. 2:09-cv-00124, 2010 WL 1378820, at *2 (E.D. Tex. Feb. 26, 2010)). "Once the 'substantial similarity' threshold is crossed, the first-to-file rule accords the first-filed court the responsibility to determine which

6

case should proceed." *Id.* (citing *Sophos*, 2014 WL 10209205, at *1). The cases need not be identical to be duplicative. *Cadle*, 174 F.3d at 603. Here, the First-Filed Action and Second-Filed Action concern and implicate substantially overlapping parties, patents, inventors, technology, remedies, witnesses, and claim construction, thus warranting transfer or a stay under the first-to-file rule.

***Same parties.*** The same parties are involved in the First-Filed Action and the Second-Filed Action. The First-Filed Action names Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. as plaintiffs and CM HK Ltd. and CyWee Group Ltd. as the defendants. No. 4:24-cv-06567, Dkt. 1. While CM HK's present Second-Filed Action names only CM HK as plaintiff, CM HK is an alleged *alter ego*, agent, or successor of CyWee. *Id.* ¶¶ 47–55. CM HK and CyWee have some of the same employees and directors, have some common ownership, and transfer intellectual property assets back and forth. *Id.* Thus, there is overlap of parties as between the First-Filed Action and the Second-Filed Action.

The fact that CyWee is a named party in the First-Filed Action but not the Second-Filed Action is otherwise immaterial for purposes of this analysis. For the first-to-file rule to apply, all that is needed is ***substantial*** overlap amongst the parties. *See Drill Cutting Disposal Co. v. Gutierrez*, No. 15-cv-2532, 2016 WL 4541598, at *2 (W.D. La. Aug. 26, 2016) ("In order for the 'first to file' rule to apply, the parties and issues in the related cases need not be identical. Rather, '[t]he crucial inquiry is one of 'substantial overlap'" amongst substantive issues." (citations omitted)); *ContentGuard Holdings, Inc. v. Google, Inc.*, Nos. 2:14-cv-00061-JRG, 2:13-cv-01112-JRG, 2014 WL 1477670, at *2 (E.D. Tex. Apr. 15, 2014) (cases substantially overlapped even though defendant was not a party to plaintiff's original action). As CM HK and Samsung

7

are unquestionably parties in both actions, there is substantial overlap of parties as between the First-Filed Action and the Second-Filed Action.

*Same patent and inventors.* Both actions involve the '846 and '687 Patents and thus, involve the same three inventors (Shun-Nan Liou, Zhou Ye, and Chin-Lung Li). The First-Filed Action involves two additional patents, but those are not at issue in the present Second-Filed Action. Additionally, the other patents raised in the First-Filed Action, the '038 and '072 Patents, are related to the '846 and '687 Patents in that all four patents claim priority from U.S. Patent No. 9,760,186. Thus, there is substantial overlap of patents and inventors between the First-Filed Action and the Second-Filed Action.

*Same technology.* The '846 and '687 Patents are directed to methods and systems for determining the movements and rotations of a device and implicate the same technology in both actions. More specifically, the First-Filed Action in NDCA identifies Samsung "mobile devices having sensors for detecting motion and movement, or any related products" as the products at issue. No. 4:24-cv-06567, Dkt. 1 ¶ 19. CM HK's Second-Filed Action describes the same accused Samsung Galaxy smartphones with sensors. Compl. ¶¶ 44, 47.

*Overlapping remedies.* Both actions seek the same remedies regarding whether Samsung infringes the '846 and '687 Patents, and whether CM HK would be entitled to damages for that alleged infringement. The First-Filed Action seeks a finding that Samsung does not infringe and has not infringed (directly or indirectly) any claims of the '846 and '687 Patents by making, using, distributing, selling, offering for sale, exporting, or importing any of the accused products. No. 4:24-cv-06567, Dkt. 1 ¶ 19, Prayer for Relief. CM HK's Second-Filed Action seeks a finding that Samsung infringed (directly and by inducement) one or more claims of the '846 and

8

'687 Patents by making, using, offering for sale, or selling products in the United States, and/or importing them into the United States. Compl. ¶¶ 91, 92, 98, 99.

*Same witnesses.* Given that both cases involve the same inventors, same parties, and same accused products, the relevant witnesses should be identical, at least with respect to the issues concerning the '846 and '687 Patents.

*Overlapping issues in claim construction.* Because the same patents are at issue in both cases, the same claim terms would be at issue and presented for construction.

In sum, the First-Filed Action and Second-Filed Action clearly meet the criteria of "substantially overlapping" sufficient to trigger the first-to-file rule. Disposition of the First-Filed Action, involving the '846 and '687 Patents (and two additional patents) would resolve all issues in this Second-Filed Action, which concerns only the '846 and '687 Patents.
Therefore, it is appropriate to transfer, dismiss, or stay this case. "[O]nce the 'substantial similarity' threshold is crossed, the first-to file rule accords the *first-filed* court the responsibility to determine which case should proceed," *Yesware*, 2014 WL 12712410, at *1, and the proper course of action for the second-filed court is to transfer the case to the first-filed court for that determination, or otherwise dismiss or stay the case in deference to the first-filed court. Because the cases are "substantially similar," the first-to-file rule strongly supports transfer or dismissal of CM HK's Second-Filed Action in favor of the NDCA. *Cadle*, 174 F.3d at 605–06. In the alternative, the case may be stayed until the NDCA resolves CM HK's motion to dismiss. *Sanofi-Aventis*, 614 F. Supp. 2d at 782 (staying second-filed action while first-filed court resolved jurisdictional and licensing issues).

### IV. CONCLUSION

Litigating the same dispute between the same parties with respect to the same patents in two district courts risks wasting judicial resources and creating conflicting decisions.

9

Accordingly, pursuant to the first-to-file rule, Samsung respectfully requests that the Court transfer CM HK's Second-Filed Action to the Northern District of California pursuant to the first-to-file rule. In the alternative, Samsung asks the Court to dismiss this Second-Filed Action and allow the First-Filed Action NDCA court to consider the issues overlapping the two cases. As a final alternative, Samsung requests that the Court, as the second-filed court, stay the Second-Filed Action pending the first-filed NDCA court's determination of CM HK's co-pending motion to transfer Samsung's First-Filed Action to this Court.

DATED: February 11, 2025

Respectfully submitted,

By: */s/ Elizabeth L. Brann*
Elizabeth L. Brann
elizabethbrann@paulhastings.com
Ariell N. Bratton
ariellbratton@paulhastings.com
Sasha Vujcic (*pro hac vice pending*)
sashavujcic@paulhastings.com
PAUL HASTINGS LLP
4655 Executive Dr., Suite 350
San Diego, CA 92121
Telephone: 1(858) 458-3000
Facsimile: 1(858) 458-3005

Robert R. Laurenzi
robertlaurenzi@paulhastings.com
PAUL HASTINGS LLP
200 Park Avenue, 26th Floor
New York, NY 10166
Telephone: (212) 318-6000
Facsimile: (212) 318-6100

*Attorneys for Defendants*
*Samsung Electronics Co., Ltd. and*
*Samsung Electronics America, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on February 11, 2025. As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s/ Elizabeth L. Brann*
Elizabeth L. Brann