IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CM HK LIMITED,<br><br>    *Plaintiff,*<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD.  AND SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>    *Defendants.* | Case No. 2:24-cv-0880-JRG<br><br><br>JURY TRIAL DEMANDED |

### JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER

Plaintiff CM HK Limited and Defendants, Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. ("Samsung"), move for entry of the partially-agreed Protective Order submitted herewith. Despite the parties' efforts, they have been unable to reach agreement on § 10(l) and 10(o) (in Samsung's proposal), which relates to source code production in this case. Plaintiff's proposed protective order is attached as **Exhibit A** and Samsung's is attached as **Exhibit B**.

Each party's statement on the disputed issues is below:

**A.  CM HK'S Position.**

In 10(l) in its proposed protective order, CM HK proposed the following language: "The producing will provide a written explanation of how the Source Code Material is organized on the stand-alone computer." CM HK believes that this is necessary because the receiving party needs sufficient context to meaningfully understand and interpret the Source Code Material that is being provided. The type of information that CM HK believes should be provided is an explanation of which directories correspond to which modules or features, information about

1

where the code was pulled from, the language the code is written in, whether there are any proprietary or third-party frameworks or libraries being used (and were produced), have they produced all code related to the accused functionality or is it a subset, and who collected the source code, how did they do it, and when was it collected. This information will allow the receiving party to efficiently and effectively review Source Code Materials.

In 10(o) in Samsung's proposed protective order, Samsung's proposed language limits the number of consecutive pages of Source Code Material that CM HK can *request* to print 25 and 750 total. The issue with this language is that 10(p) already gives Samsung 5 days to review and then either produce or object that the requested Source Code Material is excessive:

> 10(p) Using the software available on the stand-alone computer(s), the receiving Party shall create PDFs of the printed copies the receiving Party is requesting and save them in a folder on the desktop named "Print Requests" with a subfolder identifying the date of the request. The PDF printouts must include identifying information including the full file path and file name, page number, line numbers, and date. The request for printed Source Code Material shall be served via email request identifying the subfolders of the "Print Requests" folder that the receiving Party is requesting. **Within five (5) business days the producing Party shall either (i) provide the printouts to the receiving Party or (ii) inform the receiving Party that it objects that the printed portions are excessive**…

This renders 10(o) redundant. The only explanation Samsung has provided for why it believes 10(o) is necessary is that it "believe[s] it is important to have some numeric guardrails in place that the parties have agreed to in advance, so that the Receiving Party does not use its request as a weapon to force the Producing Party to either acquiesce with an objectively unreasonable request or to invest significant time to seek a court order." CM HK will not make any requests to print or produce Source Code Material in bad faith and has no desire to obtain anything more than what it needs to prepare its case for trial.

Moreover, 10(o) increases the likelihood that the parties will have to file a motion

2

seeking a court order because it creates a second opportunity where the parties would need to do so. For example, under Samsung's proposed 10(o) language, CM HK may have to seek a court order to allow it to "request" that more than 25 consecutive pages of source code be produced. Then if it wins, CM HK would have to request those pages using the process outlined in 10(p), which gives Samsung the opportunity to object that the "printed portions are excessive" and refuse to produce them. At which point, CM HK would have to seek a second Court order compelling their production. This is not efficient. Samsung's concerns about CM HK making unreasonable requests would be protected by the process in 10(p) and would be resolved by one round of briefing, instead of two.

Accordingly, CM HK asks that the Court entered its proposed protective order, which is attached as **Exhibit A**.

B. Samsung's Position

**Descriptions of the Source Code**

CM HK proposes that the protective order requiring a party producing source code (here, primarily Samsung) provide "a written explanation of how the Source Code Material is organized on the stand-alone computer," including:

> which directories correspond to which modules or features, information about where the code was pulled from, the language the code is written in, whether there are any proprietary or third-party frameworks or libraries being used (and were produced), have they produced all code related to the accused functionality or is it a subset, and who collected the source code, how did they do it, and when was it collected.

CM HK provides no authority justifying a provision like this, which essentially requires a party producing code to provide a discovery response with the details of the code. Providing such an explanation with the code would be incredibly burdensome. Although Samsung is still preparing its Patent Rule 3-4 production, it expects that it will make many hundreds of gigabytes of code

3

available for inspection, making it extremely difficult to comply with this provision. Moreover, CM HK's proposal amounts to a discovery request incorporated into the protective order, which is inappropriate.

**Limits on Source Code Printouts**

In 10(o) of Exhibit B, Samsung proposed limiting CM HK's request of printed source code to no more than "twenty five (25) consecutive pages or 750 pages total." CM HK objects to placing any numerical limit on the number of pages that can be printed. It is well-known that source code is among the most sensitive information produced in a patent litigation. Limits on the number of pages to be printed minimize the risk of unauthorized and/or unintentional leakage and misappropriation of code.

Moreover, Samsung's proposal will minimize disputes because merely stating that the receiving party can print out a reasonable amount of code only invites costly disputes over what is reasonable. In fact, the present disagreement about what is a reasonable limit foreshadows that the parties will have later disputes on this issue. Under Samsung's proposal, if a request is for fewer than twenty-five pages of consecutive code or 750 total pages of code, the producing party will not be able to object merely on the basis of the number of pages requested. That said, Samsung also agreed to negotiate with CM HK if CM HK wishes to print more code than these limits allow, with CM HK bearing the burden for demonstrating the need for more code.

CM HK's argument about alleged inconsistencies between paragraphs 10(o) and 10(p) is a red herring. Samsung's proposed paragraph 10(p) works hand in hand with paragraph 10(o) and merely provides a procedure for requesting print outs and even refers to the limits in paragraph 10(o). Specifically, paragraph 10(p) provides that the producing party may object to the printed portions but "[t]he burden shall be on the producing Party to establish that the request

4

for the printed pages is unreasonable, except where the pages sought to be printed exceed the limits set forth in paragraph 10(o), in which case the receiving Party bears the burden as set forth above." Therefore, Samsung respectfully requests that its proposed protective order, which is attached as Exhibit B, be adopted.

Dated: February 18, 2025

Respectfully Submitted,

*/s/ Christopher L. Evans*
Michael W. Shore
Texas State Bar No. 18294915
Zachary R. Della Porta
Texas State Bar No. 24134899
Kenneth E. Shore
Texas State Bar No. 24027972
THE SHORE FIRM LLP
5646 Milton Street, Suite 423
Dallas, Texas 75206
mshore@shorefirm.com
zdellaporta@shorefirm.com
kshore@shorefirm.com
Tel: (214) 593-9110

Christopher L. Evans
Texas State Bar No. 24058901
Chijioke E. Offor
Texas State Bar No. 24065840
OFFOR EVANS PLLC 1122
Jackson Street, No. 901
Dallas, Texas 75202
chris@offorevans.com
chiji@offorevans.com
Tel: (214) 593-9121

***Attorneys for Plaintiff***
***CM HK Ltd.***

| | |
|---|---|
| Dated: February 18, 2025 | */s/ Elizabeth L. Brann*<br>Elizabeth L. Brann<br>PAUL HASTINGS LLP<br>4655 Executive Drive, Suite 350<br>San Diego, CA 92121<br>elizabethbrann@paulhastings.com<br>Telephone: 1(858) 458-3000<br>Facsimile: 1(858) 458-3005<br><br>Melissa R. Smith<br>Texas State Bar No. 24001351<br>GILLAM & SMITH, LLP 303 S. Washington Ave.<br>Marshall, TX 75670<br>melissa@gillamsmithlaw.com<br>Telephone: (903) 934-8450<br>Facsimile: (903) 934-9257<br><br>***Attorneys for Defendants Samsung Electronics Co., Ltd and Samsung Electronics America, Inc.*** |

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that on February 18, 2025, counsel complied with the meet and confer requirement in Local Rule CV-7(i). This motion is unopposed.

                                                                                                                                             /s/ Christopher L. Evans
                                                                                                                                             Christopher L. Evans