# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| CM HK LIMITED, | Case No. 2:24-cv-0880-JRG |
| *Plaintiff,* | |
| v. | JURY TRIAL DEMANDED |
| SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC., | |
| *Defendants.* | |

**PLAINTIFF CM HK LTD.'S SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS, TRANSFER OR STAY**

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................ 1
II. ARGUMENT ...................................................................................................................... 1
    A. Samsung failed to demonstrate venue in the Northern District of California was proper under 28 U.S.C. § 1400(b). ................................................................... 1
    B. Samsung's request to stay or dismiss this case should also be denied. ................. 3
III. CONCLUSION .................................................................................................................. 5

i

# TABLE OF AUTHORITIES

**CASES:**

*Commc'ns Test Design, Inc. v. Contec, LLC*,
   952 F.3d 1356 (Fed. Cir. 2020) ................................................................................ 4

*Elecs. for Imaging, Inc. v. Coyle*,
   394 F.3d 1341 (Fed. Cir. 2005) ................................................................................ 3

*FCX Solar, LLC v. FTC Solar, Inc.*,
   No. 6:21-CV-548-ADA, 2021 WL 4953912 (W.D. Tex. Oct. 25, 2021) ................. 1

*In re Cray Inc.*,
   871 F.3d 1355 (Fed. Cir. 2017) ................................................................................ 1

*In re Google LLC*,
   949 F.3d 1338 (Fed. Cir. 2020) ........................................................................... 2, 3

*In re SK Hynix Inc.*,
   847 F. App'x 847 (Fed. Cir. 2021) ........................................................................... 1

*In re Volkswagen, Inc.*,
   545 F.3d 304 (5th Cir. 2008) .................................................................................... 1

*Merial Ltd. v. Cipla Ltd.*,
   681 F.3d 1283 (Fed. Cir. 2012) ................................................................................ 3

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
   581 U.S. 258 (2017) ................................................................................................. 1

**STATUTES:**

28 U.S.C. § 1400(b) ................................................................................................... 1, 5

28 U.S.C. § 1404(a) ....................................................................................................... 1

**RULES:**

Fed. R. Evid. 802 ........................................................................................................... 2

Fed. R. Evid. 901 ........................................................................................................... 2

# I. INTRODUCTION

The most efficient course of action is to defer ruling on this motion until after the Northern District of California decides CM HK's Motion to Dismiss. Alternatively, Samsung's request to transfer fails to establish that venue in the Northern District of California is proper under 28 U.S.C. § 1400(b). Accordingly, the Court should either stay Samsung's motion or deny it.

# II. ARGUMENT

**A. Samsung failed to demonstrate venue in the Northern District of California was proper under 28 U.S.C. § 1400(b).**

Transfer under the first-to-file rule is not appropriate when "§ 1404(a)'s threshold conditions are not met." *In re SK Hynix Inc.*, 847 F. App'x 847, 853 (Fed. Cir. 2021); *FCX Solar, LLC v. FTC Solar, Inc.*, No. 6:21-CV-548-ADA, 2021 WL 4953912, at *10 (W.D. Tex. Oct. 25, 2021) (same). Under § 1404(a), the threshold question is "whether a civil action 'might have been brought' in the [transfer] destination venue." *In re Volkswagen, Inc.*, 545 F.3d 304, 312 (5th Cir. 2008); 28 U.S.C. § 1404(a).

Venue in a patent case only lies "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). A "domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute." *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258, 262 (2017). If the defendant does not reside in the relevant district, then venue is only proper if each of the following requirements are met: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017).

Neither Samsung Defendant resides in the Northern District of California. Samsung

1

Electronics Co., Ltd. was incorporated in Korea and Samsung Electronics America, Inc. was incorporated in New York. Dkt. 27 at ¶¶ 3, 5.

As a result, for transfer to the Northern District of California to be proper, Samsung must prove that it has an established place of business there. To prove a regular, established place of business in the Northern District of California, Samsung must demonstrate: (1) the existence of a physical place in the district; (2) that the physical place is a regular and established place of business; and (3) that the physical place "is the place of the defendant." *In re Google LLC*, 949 F.3d 1338, 1343 (Fed. Cir. 2020). Venue only attaches where the individuals staffing the "physical place" perform the defendant's substantive business, as opposed to activities "merely connected to, but . . . not themselves constitut[ing] the defendant's conduct of business in the sense of production, storage, transport, and exchange of goods or services." *Id.* at 1347.

Samsung has failed to demonstrate that it has a physical place in the Northern District of California that is a regular and established place of business. Samsung's argues that "[i]t is well-known that SEA [Samsung Electronics America, Inc.] has a presence in the NDCA (Ex. C), and that CM HK alleges that SEA infringes its patents because it 'oversees U.S. sales and distribution of Samsung's consumer electronic products…'" Dkt. 37 at 4. But its only evidence of this, Exhibit C, is a screen shot of jobs located at 645 Clyde Avenue, Mountain View, CA. Ex. C to Dkt. 37.[1] There is no evidence that either Samsung Defendant in this case owns or operates 645 Clyde Avenue, Mountain View, CA. In fact, Samsung Research America, a separate legal entity, lists that address as its headquarters.[2]

---

[1] Samsung provided no declaration to authenticate this exhibit so it should be excluded under Federal Rules of Evidence 802 (Hearsay) and 901 (Authentication).
[2] https://sra.samsung.com/locations/#loc-413.

2

Moreover, none of the jobs listed in Exhibit C have anything to do with the sales and distribution of Samsung's Galaxy phones, which are the products accused of infringing. *See* Ex. C. Instead, the jobs deal with Machine Learning, Platform Solutions, Digital Health, Ads, News, and Mobile Gaming. Ex. C. These job listings are not proof that SEA has a regular and established place of business in the Northern District of California. The only SEA witnesses listed in Samsung's initial disclosures are Guy Waitley and Sean Diaz, who both live in the Dallas-Fort Worth (DFW) area. Exs. 5, 6, 7.

Accordingly, Samsung has failed to show (1) the existence of a physical place in the Northern District of California; (2) that is a regular and established place of business; and (3) "is the place of *the defendant*" as required for venue there to be proper. *See In re Google LLC*, 949 F.3d 1338, 1343 (Fed. Cir. 2020) (emphasis added).

Therefore, transfer to the Northern District of California under the first-to-file rule would be improper and should be denied.

**B. Samsung's request to stay or dismiss this case should also be denied.**

Second, staying or dismissing this case entirely would also be inappropriate. The first-to-file rule exists to avoid conflicting decisions and promote judicial efficiency. *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1299 (Fed. Cir. 2012). But the rule is not absolute; exceptions may be made if justified by "considerations of judicial and litigant economy, and the just and effective disposition of disputes." *Elecs. for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1347 (Fed. Cir. 2005) (internal quotation marks omitted).

Allowing this case to proceed while the Northern District of California determines Plaintiff's Motion to Dismiss best promotes judicial efficiency. The same work needs to be done in both cases, so discovery and patent disclosures should continue. There is no risk of

conflicting decisions if the Court allows this case to proceed because the only outstanding motions are Plaintiff's Motion to Dismiss the California case (Ex. 1) and this motion. The next deadline on the Docket Control Order is September 11, 2025, which is to exchange proposed claim terms. Dkt. 36 at 4. There is no immediate danger of conflicting decisions.

In addition, three other exceptions to the first-to-file rule apply—Samsung's suit was filed to preempt this infringement case, the convenience and availability of witnesses, and the Northern District of California's lack of jurisdiction over CM HK. Each weighs in favor of allowing this case to proceed. Recognized exceptions to the first-to-file rule include "a party's intention to preempt another's infringement suit," the "convenience and availability of the witnesses, [and] the absence of jurisdiction over all necessary or desirable parties." *See Commc'ns Test Design, Inc. v. Contec, LLC*, 952 F.3d 1356, 1362 (Fed. Cir. 2020).

All three of these exceptions are present here. Samsung's declaratory judgment was filed as an anticipatory suit to secure Samsung's preferred forum—the Northern District of California:

> 12. Upon information and belief, and for the reasons detailed below, CM HK is CyWee's agent, alter ego, and/or its successor. Moreover, ==CM HK also directed communications regarding enforcement of its patents to Samsung's counsel in California==. Samsung's claim arises out of or relates to these enforcement activities. Thus, this Court has personal jurisdiction over CM HK.

> 44. ==Defendants' stated intention to file a patent infringement suit against Samsung,== asserted explicitly in at least nine emails and two phone calls as detailed above, threatens actual and imminent injury to Samsung that can be redressed by judicial relief and warrants the issue of a declaratory judgment, under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq.

Ex. 8 at ¶¶ 12, 19-46. The convenience of the witnesses weighs in favor of this Court because Samsung's initial disclosures list Guy Waitly and Sean Diaz as witnesses and they both live in the DFW area. Exs. 5, 6, 7. No witnesses in California have been identified. Finally, CM

4

HK has filed a motion to dismiss under Rule 12(b)(1) and (2) asserting that the Northern District of California lacks both subject matter jurisdiction and personal jurisdiction over CM HK. Ex. 1 to Dkt. 35. These exceptions weigh against dismissing or staying this case entirely.

Accordingly, the Court should stay its determination of this motion until after the Northern District of California rules on CM HK's Motion to Dismiss.

### III. CONCLUSION

Samsung has failed to establish that venue in the Northern District of California is proper under § 1400(b), precluding transfer. Accordingly, the Court should either (i) stay Samsung's Motion until the Northern District of California decides CM HK's Motion to Dismiss or (ii) deny it outright.

Dated: March 11, 2025

Respectfully Submitted,

*/s/ Christopher L. Evans*
Michael W. Shore
Texas State Bar No. 18294915
Zachary R. Della Porta
Texas State Bar No. 24134899
Kenneth E. Shore
Texas State Bar No. 24027972
THE SHORE FIRM LLP
5646 Milton Street, Suite 423
Dallas, Texas 75206
mshore@shorefirm.com
zdellaporta@shorefirm.com
kshore@shorefirm.com
Tel: (214) 593-9110

Christopher L. Evans
Texas State Bar No. 24058901
Chijioke E. Offor
Texas State Bar No. 24065840
OFFOR EVANS PLLC 1122
Jackson Street, No. 901
Dallas, Texas 75202
chris@offorevans.com
chiji@offorevans.com
Tel: (214) 593-9121

***Attorneys for Plaintiff***
***CM HK Ltd.***

## CERTIFICATE OF SERVICE

The undersigned certifies that, on March 11, 2025, a true and correct copy of this filing was served, via ECF, upon counsel for Defendants.

*/s/ Christopher L. Evans*
Christopher L. Evans